IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASA P. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-135-SLR |
| | ) |
| ACTING WARDEN ELIZABETH | ) |
| BURRIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 25th day of June, 2008, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is **dismissed** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, and the motion for supplemental complaint is **denied**, for the reasons that follow:

1. **Background.** Plaintiff Asa P. Johnson ("plaintiff"), an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks

monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing its screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).  A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

4. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citations omitted).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)."  Id. (citations omitted).  Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief.  Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  "[W]ithout some

factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

    5. **Discussion**. On September 9, 2007, plaintiff was transferred to the security housing unit ("SHU") after a nurse accused him of rniisconduct. Plaintiff alleges he was "arbitrary, capriciously moved with malicious intent and held in the highest level of security of the prison without a copy of a written pre-hearing order, a misconduct, or a disciplinary report." (D.I. 2 at 3) Plaintiff complains that he was not present when the Multi-Disciplinary Team made its decision. After plaintiff received the Institutional Base Classification Committee's decision he appealed it, to no avail. He also filed grievances regarding his transfer to SHU. Plaintiff seeks compensatory and punitive damages.

    6. **Housing/Classification**. Inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429

U.S. 78, 88 n. 9 (1976).  The Due Process Clause protects liberty interests created by the laws or regulations of a state.  See Sandin v. Conner, 515 U .S. 472 (1995).  In Sandin, the Supreme Court held that "these interests will be generally limited to freedom from restraint" which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

7.  Neither Delaware law nor Delaware Department of Correction regulations create a liberty interest in a prisoner's classification within an institution.  See 11 Del. C. § 6529(e).  "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" Hewitt v. Helms, 459 U.S. 460, 468 (1983) (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976)).  Applying Sandin and its progeny to the circumstances presented here, plaintiff's placement in SHU did not impose on him an "atypical and significant hardship."  See Griffin v. Vaughn, 112 F.3d 703, 708-09 (3d Cir. 1997) (15 months in administrative custody not "atypical and significant hardship").  Plaintiff cannot state a claim a claim for violation of a liberty interest created by the Due Process Clause or State law.  His claim has no arguable basis in law or in fact and, therefore, is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

8.  **Conclusion**.  Based upon the foregoing analysis, the complaint is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1). The motion for supplemental complaint is denied as amendment of the complaint would be futile. (D.I. 11); See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

                              _____
                              UNITED STATES DISTRICT JUDGE