IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Asa P. Johnson, <br> Plaintiff <br> vs <br> Acting Warden Elizabeth Burris, et al., <br> Defendant | Civ. No. 1:08-cv-135-SLR |

FILED
JUL 10 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Motion under Pursuant to Fed. R. Civ. P. Rule 12(d), Rule 15(a)1(B), Rule 56, and Rule 59(e).

Now comes the plaintiff Asa P. Johnson, prose, a inmate at the Delaware Correctional Center files the following motion, Plaintiff Asa P. Johnson has been granted leave to proceed IFP.

1. Background. June 28, 2008, Plaintiff received Memorandum Order of Dismissal of Civil Rights Complaint action to 42 U.S.C. § 1983 by The Honorable Judge Sue L. Robinson.

2. Standard of Review. In your Honor's standard of review①, 28 U.S.C. § 1915A, § 1915(e)(2)(B), and 1915A(b)(1). ② §1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6), and Fed. R. Civ P. 8.

Erickson vs Pardue — U.S. 127 S. Ct. 2197, 2200 (2007) Christopher vs Harbury — 536 U.S. 403, 406 (2006). A complaint must contain "a short and plain statement of claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rest. Bell Atl. Corp. vs Twombly — U.S. 127 S. Ct. 1955, 1964 (2007), Quoting Conley vs Gibson 355, U.S. 41, 47 (1957)

Index Ⓐ Plaintiff wishes to bring to light to this Honorable Court that the plaintiff was only following directions of statement of claims and wanted to be "__briefly__" as possible, and being a pro se plaintiff and no experience of drafting a §42 U.S.C. §1983 Civil Complaint, stated the plaintiff was (Paragraph 1 of the Statement of Claims: Abritary, Capriciously moved with Malicious intent and held in the highest level of security of the prison without a Written Pre-Hearing Order, A alleged misconduct, or a Disciplinary Report.

Under Fed. R. Civ. P. Rule 12(d), Result of Presenting Matters Outside the Pleadings. ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion").

Plaintiff wishes to also apply Rule 15(a)(1)(B), Amendments Before Trial. (1) Amending as a Matter of Course. "A party may amend its pleading once as a matter of course: (B) Within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion, and Rule 59(e): Motion to Alter or Amend a Judgment. "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment".

Plaintiff, under Fed. R. Civ. P. Rule 59(e), To a showing to the Courts the plaintiff was deprived of the Procedural Due Process of the Delaware Correctional Center (D.C.C.), Standard Operating Procedures 4.2 Rules of Conduct. *To keep from overloading the statement of claim of the description of the said Complaint, the plaintiff only wanted to keep the statement of claim "simple", so plaintiff stated the violations of S.O.P. 4.2 Rules of Conduct as ("Abritary, Capriciously moved with Malicious intent"), because plaintiff was being held without ■ No Notice, No Hearing, NO Opportunity to call any witnesses, No Misconduct Charge, or ■ No Pre-Hearing Segregation Hearing, No Post Segregation Hearing and Placed in Solitary Confinement.

For not being plain and clear the plaintiff is humbly sorry.

The plaintiff should make a broader spectrum in his claim(s) and pray this Honorable Court acknowledge a pro se mistake.

Plaintiff request under Fed. R. Civ. P. Rule 12-(d), Rule 15(a)(i)(B), Rule 56, and Rule 59(e) and Alter or Amend plaintiff's Complaint.

Standard of Review of Honorable Judge Sue L. Robinson.
#4 Phillps vs County of Allegheny, 515 F.3d 224, 232 (3d Cir 2008), (citing Twombly, 127 S. Ct a 1965 n.3)

Index (B)   Plaintiff reveals transfer to Security Housing Unit (SHU) of September 9, 2007, to raise a reasonable expectation that on the time of filing the plaintiff's 42 U.S.C. § 1983 (Id at paragraph 2 of statement of claim). The plaintiff have not received a written Pre-Hearing Order, Alleged Misconduct, No Disciplinary Report, or what Administrative Condition the plaintiff has been administed on to show the Courts plaintiff was deprived from his status of Medium Security (general population), Employment of 3 years (1 year as a lead worker) at

the D.C.C. Hospital/Infirmary at a payrate of $52.80 monthly, accumulation of 2.5 Goodtime days monthly, A single cell occupancy, Opportunity to shower, and recreation everyday, Rehabilitation Group "Options", and a Correctional Officers and Inmate Trustee relationship for Character witnesses for plaintiff's future attempt for a state pardon.

S.O.P. 4.2. Rules of Conduct pg 2 of 19 of Letter "D" of procedures: (Prevent arbitary or retaliatory treatment of inmate accused or convict--ed of offenses. Plaintiff was under the impression he was under Pre-Hearing Detention/Investigation because <u>no notice</u> verified what was the sub--stantial evidence to keep the plaintiff deprived, and housed in the SHU, Plaintiff never was a--warded to see any substantial evidence or any documents of the said allegation that deprived the plaintiff of (Index Ⓑ), December 5, 2007 in--which plaintiff received a Memorandum Result from the Institutional-Based Classification Comittee (IBCC) (87days in solitary confinement before notice of Rescinding (see Index Ⓑ)

Plaintiff still did not at a minimal have any opportunity to prove that alleged allegation was fabricated and (D.C.C.) Disregarded their policies of S.O.P. 4.2 Rules of Conduct because

Plaintiff was placed in solitary confinement and no fundamental requirements of a opportunity to be heard at a meaningful time and meaningful manner before decision of (IBCC).

Plaintiff has documentation at <u>no time of his placement</u> in solitary confinement and even <u>after (IBCC) decision</u> did the (D.C.C.) give plaintiff notice that the plaintiff was being transferred to Administrative Segregation, Punitive Segregation, or Disciplinary Segregation and reason why? <u>Plaintiff was never proven guilty of any misconduct</u>. See Page 3 of S.O.P. 4.2. Rules of Conduct (Plaintiff has as evidence of his Procedural Rights, also S.O.P. 4.2 Rules of Conduct Page 19 of 19 (Administrative transfer).

\* Constitutional Law 92K 3881

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of <u>Pendency</u> of action and afford them an opportunity to present their objections. U.S.C.A. Const. Amend 14.

Index Ⓒ    Plaintiff seeks Monetary Compensatory and Punitive Damages.

Your Honor's Standard of Review #5 Discussion (Please see Plaintiff's Index Ⓑ of Motion to Alter or Amend a Judgment Under Fed. R. Civ P. Rule 59(e).

Your Honor's Standard of Review #6 Housing and Classification. Moody vs Daggett, 429 U.S. 78, 88 n.9 (1976), See Sandin vs Conner, 515 U.S. 472 (1995)

Index Ⓓ    The Supreme Court held that "these interests will be generally limited to freedom from restraint" which impose an "atypical and significant hard- -ship on the inmate in relation to the ordinary incidents of prison life. Plaintiff ask the Court to see Plaintiff's (Index Ⓑ), (Index Ⓓ) Plaintiff relied on institutions employment for livelihood while incarcerated for the prison — necessities of Showershoes, Coffee, Commissary, and way of living to not be a burden on his family in society and to earn goodtime for plaintiff's early release. Since deprivation, plaintiff has had a negative (-) balance on Inmate Prison Account, Plaintiff has lost opportunity to earn 2.5 goodtime days, allowed 3 hours of Recreations and Showers a week,

Your Honor's Standard of Review #7, Neither Delaware law nor Delaware Department of Correction regulations create a liberty interest in a prisoner's classification within an institution. See 11 Del. C. §6529(e).

Index E    Plaintiff used inmate classification to make and use in statement of claim, with intention of using classification "Memorandum Result" as evidence to show the Courts "Nothing" was identified to plaintiff of reason(s) of the classification was taken place, because no guilt was ever established to indicate the plaintiff did any wrong doing to deprive plaintiff of (see Index B), and the process of the classification boards abuse of power and to show the courts documents received by plaintiff has no reasoning why plaintiff was still housed in solitary confinement "without" a misconduct. Plaintiff was denied equal protection because it reflects to (see Index A), and plaintiff received no notice, or opportunity to defend against the alleged allegation.

Your Honor's Standard of Review #8. Conclusion. 28 U.S.C. §1915(e)(2)(B), and §1915A(b)(1). The motion for Supplemental Complaint is denied as amendment of the complaint would be futile. (D.I. 11); See Alston vs Parker, 363 F. 3d 229 (3rd Cir 2004), Grayson vs Mayview State Hosp., 293 F. 3d 103, 111 (3d Cir 2002),

Page 9 of 9

Borelli vs City of Reading, 532 F.2d 950, 951-52 (3d Cir 1976).

Index E    Plaintiff only wished to bring to the courts attention the condition of plaintiff present condition of confinement with evidence to prove the facts of improper confinement and the violations of the plaintiff's 5th, 8th, and 14th U.S.C.A Const. Amend., to express the plaintiff's motion for Supplemental Complaint maybe useless (futile) the plaintiff is being denied the equal protection of which the U.S. Constitutions protects us from.

For the foregoing reason(s), the plaintiff's prays This Honorable Court grant the said Motion in this Civil Action.

Dated: July 4, 2008

Asa P. Johnson
Asa P. Johnson
Delaware Corr. Center
1181 Paddock Road
Smyrna, DE 19977

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Asa P. Johnson, pro se,<br>Plaintiff | )<br>)<br>) |
| VS | ) Civ. A. No. 1:08-cv-135<br>)       **SLR** |
| Elizabeth Burris, et al,<br>Defendant | )<br>) |

## ORDER

It is hereby ORDERED, THIS _____ DAY OF _____, 2008 THAT THE ATTACHED MOTION FOR TO ALTER OR AMEND A JUDGMENT HAS BEEN READ AND CONSIDERED.

IT IS ORDERED THAT THE MOTION IS HEREBY _____.

_____
Judge

UNITED STATES DISTRICT COURT

# Certificate of Service

I, **Asa P. Johnson**, hereby certify that I have served a true and correct cop(ies) of the attached: Motion to U.S. District Court Fed. R. Civ. P. Rules 12(d), 15(a)1(B), 56, and 59(e) upon the following parties/person (s):

TO: Attorney Generals Office
State of Delaware
820 North French Street
Wilmington, DE
19801

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this **8th** day of **July**, 200**8**

Asa P. Johnso—

